**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CML-NV MESA WAY, LLC, a Florida limited liability company;<br><br>　　　Plaintiff,<br>v.<br><br>HENDERSON INDUSTRIAL CENTER, LLC, a Nevada limited liability company; L. NIEL DEXTER, as an individual and as trustee of the Dexter Trust dated January 16, 2001;<br><br>　　　Defendants. | 2:11-cv-00360-ECR-RJJ<br><br>**Order** |

Plaintiff CML-NV Mesa Way, LLC ("Plaintiff") brought a deficiency action against Defendants. Now pending is Plaintiff's Motion for Default Judgment (#12) against Defendants Henderson Industrial Center, LLC ("Henderson") and L. Niel Dexter ("Dexter").

The motion is ripe, and we now rule on it.

### **I. Background**

The relevant facts as alleged by Plaintiff are as follows. Plaintiff is a Florida limited liability company that is wholly owned by its sole member Multibank 2009-1 CML-ADC Venture, LLC ("Multibank"). (Compl. ¶ 1 (#1).) Multibank is a Delaware limited liability company comprised of two members, RL CML 2009-1 Investments, LLC and the Federal Deposit Insurance Corporation ("FDIC"). (Id.) RL

CML 2009-1 is a citizen of Delaware and Florida. (Id.) Henderson is a Nevada limited liability company, and Dexter is a citizen of Nevada. (Id.)

Plaintiff alleges that it is entitled to judgment against Henderson and Dexter in the amount of $9,827,767.00 as well as reasonable attorneys' fees and costs incurred. (Id. ¶¶ 20, 22.) This amount is derived from a loan to Henderson, dated July 26, 2006, in the amount of $7,288,900.00 plus interest. (Id. ¶¶ 7-8.) On July 26, 2006, Dexter, in his capacity as trustee of the Dexter Trust, guaranteed all obligations including repayment under the loan. (Id. ¶ 10.) Henderson subsequently defaulted on the loan. (Id. ¶ 12.) In February of 2010, Multibank acquired the loan to Henderson. (Id. ¶ 14.) In September of 2010, Multibank assigned the loan and related loan documents to Plaintiff, who retains the power to enforce all rights of the lender under the loan. (Id. ¶¶ 16-17.)

Plaintiff filed its Complaint and Application for Deficiency Judgment (#1) against Defendants on March 8, 2011. On May 11, 2011, Plaintiff filed a Motion for Entry of Default (#9) against Defendants for their failure to respond or otherwise plead within the applicable time limit. The Clerk's Entry of Default (#10) was filed on May 13, 2011. On December 22, 2011, Plaintiff filed a Motion for Default Judgment (#12) against Defendants.

## II. Discussion

Prior to ruling on Plaintiff's Motion for Default Judgment (#12), the Court must first affirmatively determine its subject matter

2

jurisdiction over this action.  Federal courts are courts of limited jurisdiction.  <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978).  "A federal court  is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  <u>Stock W., Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).  A district court may therefore *sua sponte* raise the issue of subject matter jurisdiction and must dismiss a case if no subject matter jurisdiction exists.  FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's Complaint (#1) alleges that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  To establish subject matter jurisdiction based on diversity of citizenship, the party asserting jurisdiction must show complete diversity of citizenship among opposing parties an that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The citizenship of a limited liability company is determined by the citizenship of each of its owners/members.  <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 902 (9th Cir. 2006).  Therefore, the Court must determine the citizenship of Plaintiff's member entities in order to determine the citizenship of Plaintiff.

Plaintiff is a Florida limited liability company which is wholly owned by its sole member Multibank.  (Compl. ¶ 1 (#1).)  Multibank is a Delaware limited liability company comprised of two members, RL CML 2009-1 Investments, LLC and the Federal Deposit Insurance Corporation

("FDIC"). (Id. ¶ 2.)  RL CML 2009-1 Investments, LLC is a citizen of Delaware and Florida. (Id.)  We therefore turn to the FDIC.

Prevailing Ninth Circuit case law holds that a federal corporation such as the FDIC "is not a citizen of any particular state for diversity purposes." Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Co., 492 F.2d 1325, 1329 (9th Cir. 1974). Plaintiff urges this Court to ignore the holding in Hancock, arguing that the decision was partly based on federal statutes evidencing a Congressional intent to limit federal jurisdiction over federal corporations, and which intent has since reversed itself with the enactment of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") which provides for federal question jurisdiction over civil actions where the FDIC is a party. See Kirkbridge v. Cont'l Cas. Co., 933 F.2d 729, 731-32 (9th Cir. 1991). However, Hancock is still binding authority upon this Court, and we cannot ignore its holding because one of its bases has since been amended.  The citizenship of Plaintiff's members is therefore Delaware, Florida, and "no particular State."

Pursuant to § 1332(a), this Court has jurisdiction over suits between citizens of different states and, conversely, lacks original jurisdiction over civil actions that are not between citizens of different states. "A suit in which one of the parties is a citizen of no particular State, is, by definition, a suit that is *not* between citizens of different states." CML-NV Cauldron, LLC v. Rapaport, Nos. 2:10-cv-00695-LDG (PAL), 2:11-cv-00289-LDG (RJJ), 2012 WL 553094, at *1 (D.Nev. Feb. 17, 2012) (citing Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 184 (3d Cir. 2008); ISI Int'l, Inc. v. Borden Ladner

4

1  Gervais LLP, 316 F.3d 731, 733 (7th Cir. 2003)) (emphasis in
2  original).  Thus, the Court may not exercise diversity jurisdiction
3  over the FDIC, and may not exercise diversity jurisdiction over
4  limited liability companies of which the FDIC is a member, as many
5  courts in this district have recently held.  See, e.g., CML-NV
6  Cauldron, LLC, 2012 WL 553094, at *1; CML-NV Two, LLC v. DGRE, LLC,
7  No. 2:11-cv-00318-RLH-GWF, 2012 WL 234440, at *1 (D.Nev. Jan. 24,
8  2012); RES-NV APC, LLC v. Astoria Pearl Creek, LLC, No. 2:11-cv-00381-
9  LDG(RJJ), at *2 (D.Nev. Nov. 4, 2011).  The case must therefore be
10 dismissed.
11     We note, however, that pursuant to Nev. Rev. Stat. §
12 11.500(1)(b), Plaintiff may file this case in state court within
13 ninety (90) days of this dismissal regardless of any statute of
14 limitations period that might otherwise bar filing at this point in
15 time.

### III. Conclusion

18     Prevailing Ninth Circuit case law holds that the citizenship of
19 a limited liability company is determined by the citizenship of its
20 members and that federal corporations are not citizens of any state
21 for diversity purposes.  Accordingly, the Court may not exercise
22 jurisdiction over Plaintiff, a limited liability company of which the
23 FDIC is a member.
24     **IT IS, THEREFORE, HEREBY ORDERED** that the Motion for Deault
25 Judgment (#12) is **DENIED**.

5

**IT IS FURTHER ORDERED** that the action is dismissed for lack of jurisdiction.

The Clerk shall enter judgment accordingly.

DATED: July 24, 2012.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE

6